**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ANGEL ACUNA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 5:22cv01163** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

# SCHEDULING ORDER

Before the Court is the parties' joint scheduling recommendations. The Court has reviewed the recommendations and GRANTS the proposed scheduling order. The deadlines are as follows:

1. The parties must mediate this case on or before May 1, 2023, and file a report in accordance with Rule 88 after the mediation is completed.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by January 26, 2023, and each opposing party shall respond, in writing, by February 9, 2023.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by March 10, 2023.

4. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by February 15, 2023. Parties resisting claims for relief shall filed their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by March 1, 2023. All designations of rebuttal experts shall be designated within 15 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within 30 days of receipt of the written report of the expert's proposed testimony, or within 30 days of the expert's deposition, if a deposition is taken, whichever is later.

6. As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff contends that discovery is appropriate. The parties shall complete all discovery, if any, by April 3, 2023. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All Dispositive motions shall be filed no later than June 15, 2023. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty (20) pages in length. Replies, if any, shall be limited to ten (10) pages in length in accordance with Local Rule CV-7(e). If the parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.

7. If required, a hearing on dispositive motions will be set by the Court after all responses and replies have been filed.

8. The Court will set the case for trial by separate order. The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

9. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on January 25, 2023, and the parties have agreed as to its contents.

**IT IS SO ORDERED**

Dated: January 26, 2023, San Antonio, Texas



Hon. David Alan Ezra
Senior U.S. District Judge